# Boyd to use, Appellant, *v.* Boyd.

*Judgment—Payment—Question of fact—Case for jury.*

On the trial of an issue framed upon an opened judgment, where the defense is payment, and this is a pure question of fact, a verdict and judgment for the defendant will be sustained, if it appears that the issue involved was properly submitted to the jury.

Argued May 13, 1907. Appeal, No. 160, April T., 1907, by plaintiff, from judgment of C. P. Beaver Co., on verdict for defendant in case of George Boyd to use of William M. Lance, administrator c. t. a. of Jane Boyd, deceased, v. Pressly Boyd. Before Rice, P. J., Henderson, Orlady, Head and Beaver, JJ. Affirmed.

Issue to determine whether anything was due upon a judgment. Before Holt, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various rulings on the evidence and instructions.

*J. H. Cunningham* and *Frank H. Laird*, for appellant.

*James L. Hogan*, with him *P. M. Smith* and *John M. Buchanan*, for appellee.

Opinion by Orlady, J., October 7, 1907:

After a full hearing in the court below upon a petition, answer and depositions, a judgment against the defendant was opened and he was permitted to make defense thereto. A trial before a jury resulted in a verdict for the defendant from which the plaintiff appealed. The judgment was founded upon a single bill, signed by the defendant, dated September 3, 1898, and payable one day thereafter for $907.24. The plea to the issue was payment, payment with leave, etc.

The defendant's contention was that the note was given as a receipt or instrument in writing to the plaintiff, his brother,

in Columbiana county, Ohio, to be held as evidence of the amount which was due from the defendant to George Boyd as administrator of the estate of a deceased brother, until such time as a formal receipt for $888 (the amount which it was alleged was due to George Boyd) should be entered of record upon a judgment which Pressly Boyd held against George Boyd, which was for $1,500, and was of record in the court of common pleas of Washington county, Pennsylvania. To support this, there was properly in evidence a written agreement dated April 5, 1898, and signed by George Boyd and Pressly Boyd in relation to the disposition of this $888; the testimony of two witnesses to the agreement as to what occurred when it was signed; the testimony of a justice of the peace who was present when the note was signed and delivered and who made the calculation for them, by computing the interest on the sum $888, to the date of the note, to wit: $19.24, which was added to the principal, making $907.24, the amount of the note in suit. This was followed by proof of the entry of a credit on a revival of the Washington county judgment for $888 on March 5, 1901, as of the date of April 1, 1898. The plaintiff alleged that the note was an independent transaction and the dispute was purely one of fact, which a jury alone could dispose of; and to that tribunal it was fairly and adequately submitted. The plaintiff did not ask for binding instructions on the ground that there was not sufficient evidence to warrant a finding against him, but conceded in the point he did present, that the question was for the jury, and requested an instruction conceding that the plaintiff was entitled to recover, " unless the jury find, under all the evidence, that the note was paid after the date of September 4, 1898." This fact of payment was found by the jury, and the verdict means that the several writings and agreements between the brothers, taken with the final entry of the credit on the judgment in Washington county, formed a continuous transaction relating to the same subject-matter of which the note in suit was but a part or link. The agreement of April 5, 1898, was not in contradiction of the note but in explanation of it; and, taken with the testimony of the two persons who signed it as witnesses, and the justice of the peace who ascertained its amount, it fully and clearly illustrated the importance of reducing such

an understanding to writing. The case was clearly one for a jury, and the only issue was, whether the note had been in fact paid. A careful examination of all the assignments of error convinces us that the trial of the case was free from reversible error.

The judgment is affirmed.